IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES VASSELL**,

      Petitioner,

v.

      Civil action no. 3:12cv23
      Criminal action no. 3:89cr190
      (Judge Bailey)

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 31, 2012, the *pro se* petitioner, an inmate then incarcerated at the Essex County Correctional Facility in Newark, New Jersey, filed a Petition for Error Coram Nobis (Dkt.# 191), alleging that his trial counsel was ineffective for failing to advise him, prior to the entry of his guilty plea, of the immigration consequences of such a conviction. This case, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15 is ripe for review.

### II. Facts

**A. Conviction and Sentence**

On August 8, 1990, after a two-day jury trial, petitioner was convicted of five crack cocaine-related counts from a Superseding Indictment: Count One, Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, in violation of 28 U.S.C. § 846; and Counts Three, Five, Eleven and Thirteen, four separate occurrences of Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1). Petitioner filed an August 15, 1990 motion for acquittal (Dkt.# 53) which was denied by Order entered on November 26, 1990 (Dkt.# 66). Petitioner filed a timely

notice of appeal of the Order denying his motion for judgment of acquittal. (Dkt.# 67). The appeal was dismissed without prejudice to petitioner's right to re-file it after sentencing. On March 12, 1991, petitioner was sentenced to 350 months of imprisonment to be followed by a term of five years of supervised release, ordered to pay a fine of $12,500.00 and a special assessment of $250.00.

B. **Appeal**

On March 13, 1991, the day after sentencing, petitioner filed a notice of appeal from the Order denying his motion for judgment of acquittal and from the March 12, 1991 sentence imposed.

On appeal, petitioner contended that:

1) the District Court erred in denying his motion for judgment of acquittal, on grounds of alleged improper governmental intrusion into his attorney-client relationship;

2) the District Court erred in its jury selection process, or alternatively, petitioner was denied the effective assistance of counsel;

3) the District Court erred in its relevant drug conduct calculation; and

4) the trial court erred in finding that he was an organizer, leader, or the "hub" of a conspiracy to commit criminal activity, warranting a four-level sentence enhancement.

On April 7, 1992, the judgment of the District Court was affirmed by the Fourth Circuit in an unpublished *per curiam* opinion. (Dkt.# 101). Mandate issued on April 28, 1992. (Dkt.# 236). On July 6, 1992, petitioner filed a petition for a writ of *certiorari* with the United States Supreme Court; *certiorari* was denied on October 18, 1992.

C. **Federal Habeas Corpus**

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 with a Memorandum in Support on January 25, 1995 (Dkts.# 105 and 106, respectively), asserting eighteen grounds for relief:

1) his conviction was obtained pursuant to an unlawful arrest;

2) the prosecution was selective and vindictive;

3) his conviction was obtained in violation of the protection against double jeopardy;

4) his conviction was obtained by an unconstitutionally-selected and impaneled jury;

5) co-conspirators' statements and testimony was improperly admitted;

6) co-conspirators' statements were custodial and involuntary, and therefore inadmissible;

7) the District Court failed to give a jury instruction as to accomplice credibility;

8) the District Court was biased and prejudiced toward petitioner;

9) the District Court's instructions to the jury were prejudicial biased, or given with malicious intent to cause him irreparable harm;

10) petitioner was deprived of a fair cross section of the community in an impartial jury venire;

11) the jurors were exposed to outside influences with worked to his detriment;

12) trial counsel willfully deprived him of effective representation;

13) there was insufficient evidence to obtain a conviction on the conspiracy charge;

14) the government had insufficient evidence to establish a chain of custody to support the admission of its exhibits;

15) petitioner was denied the opportunity to explore prosecution witnesses' credibility at trial;

16) the District Court improperly vouched for the government;

17) the District Court's calculation of relevant drug conduct was improper; and

18) the government improperly withheld <u>Jenks</u> Act material.

On April 4, 1997, after petitioner's §2255 motion had been fully briefed since December 18, 1995 with no decision entered, petitioner filed a *pro se* petition for writ of mandamus with the Fourth Circuit Court of Appeals, seeking to force the court to decide his §2255 motion.

While a decision on his mandamus action was still pending, on November 25, 1997, petitioner also filed a motion for summary judgment in this court, complaining of the delay in the §2255 proceedings, alleging that because his allegations were "unrefuted" and the court "unable to decide," he was entitled to summary judgment in his favor. (Dkt.# 117). On June 18, 1998, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals denied the mandamus petition without prejudice. (Dkt.# 125). On July 28, 1998, a status conference was held and argument was heard on petitioner's §2255 motion. (Dkt.# 128). By Order entered January 5, 1999, petitioner's §2255 motion was denied. On January 14, 1999, petitioner filed a notice of appeal. By unpublished *per curiam* opinion entered on July 27, 1999, the Fourth Circuit Court of Appeals affirmed the decision. Petitioner filed a petition for rehearing on August 10, 1999 which was denied on October 18, 1999. (Dkt.# 137). Petitioner then filed a petition for writ of *certiorari* with the United States Supreme Court on November 26, 1999. (4th Cir. Dkt.# 34) (99-6128). On January 24, 2000, the Supreme Court denied *certiorari.* (4th Cir. Dkt.# 35) (99-6128).

On January 31, 2012, petitioner filed this instant action as a Petition for Writ of Error *Coram Nobis*, asserting that trial counsel was ineffective for failing to inform him that the entry of his guilty plea mandated later certain deportation, and seeking as relief, vacation of his plea,[1] pursuant to the holding in Padilla v. Kentucky, 559 U.S. 1473 (2010). Because petitioner was ineligible for *coram nobis* relief because he was still "in custody" and his petition was clearly a challenge to his conviction, by Order entered March 28, 2012, his petition was recharacterized as a §2255 motion.

D. **Other Collateral Proceedings**

On January 16, 2007, petitioner filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 141). On January 26, 2007, petitioner filed a *pro se* motion to

---
[1] As the record reflects, petitioner never entered a plea at all.

release defendant from payment of a fine. (Dkt.# 142). He filed a second *pro se* motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2) on March 7, 2007. (Dkt.# 144). On January 25, 2008, he filed a *pro se* motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 141).

After an evidentiary hearing was held on May 1, 2008 (Dkt.# 155), by Report and Recommendation ("R&R") entered on May 2, 2008, the undersigned recommended that petitioner's motions for sentence reduction, motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2), and his motion seeking relief from judgment or order imposing fine and return of seized property[2] all be denied. (Dkt.# 156). By Order entered on June 2, 2008, the R&R was adopted. (Dkt.# 164).

On April 22, 2009, petitioner filed another Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 165), which was denied by Order entered May 20, 2009. (Dkt.# 167). On June 11, 2009, he filed a second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 169). By Order entered on June 18, 2009, petitioner second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2) was denied. (Dkt.# 172). On June 24, 2009, petitioner filed a notice of appeal of the Order denying his first Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 174). On June 24, 2009, he filed a notice of appeal of the Order denying his second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 176). On February 23, 2010, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed both decisions. (Dkt.# 182).

---

[2] Petitioner had also filed a motion for return of seized property on April 2, 2008. (Dkt.# 149).

Undeterred, on November 24, 2010, petitioner filed another motion to reduce his sentence, this time pursuant to 18 U.S.C. §3582(c)(2) and H.R. 3245 #706 "with new bill 1789 retroactive amendment #713," (Dkt.# 185) along with a motion seeking appointed counsel. (Dkt.# 186). On October 5, 2011, counsel was appointed for petitioner. By Order entered on November 1, 2011, petitioner's motions for counsel and for a reduction of sentence were granted (Dkt.# 188). By Order entered the same day, his sentence was reduced to 281 months, or time served, whichever was greater. (Dkt.# 189).

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket because it is clearly untimely, completely lacking in merit and moot.[3] Further, this court lacks jurisdiction because this is a second and successive motion, for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

### III. Analysis

**A. Statute of limitations for filing a 28 USC §2255 Motion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[4]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

---

[3] The Bureau of Prisons Inmate Locator indicates that petitioner was released from his federal sentence on November 4, 2011. Pursuant to a March 21, 2012 call to the Essex County Correctional Center in Newark, New Jersey, where petitioner was incarcerated when he filed this petition, the undersigned determined that petitioner was deported to Jamaica, his native country, on March 16, 2012.

[4] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998).

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if upon disposition of a direct appeal, a federal prisoner files a writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not timely file a *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, or ninety days after the entry of the judgment on direct appeal. *See* Clay v. United States, 537 U.S. 522, 532 (2003). Here, after petitioner's unsuccessful direct appeal, he petitioned the United States Supreme Court for *certiorari* and it was denied on October 18, 1992.

Therefore, petitioner's conviction became final on October 18, 1992, the date *certiorari* was denied. Accordingly, he had until October 18, 1993 to file his habeas corpus petition under

---

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478 (2005).

7

AEDPA. Because he did not file this present §2255 motion until January 31, 2012, it is grossly untimely.

## B. Second and Successive §2255 Motions Prohibited

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[5]

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Petitioner's first § 2255 motion was dismissed on the merits, and thus he is barred from filing a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[3] Accordingly, pursuant to 28 U.S.C. § 2244 and 28

---

[5] The undersigned notes that petitioner's reliance on Padilla is not only inapposite because petitioner never entered a plea, Padilla was also decided twenty years after petitioner was convicted, and it has not been made retroactively available to cases on collateral review. See United States v. Hernandez-Monreal, 404 Fed Appx. 714 (4th Cir. 2010) *(per curiam)*. The Third Circuit has held that Padilla is retroactive. See United States v. Orocio, 645 F.3d 630 (3rd Cir. 2011). However, the Seventh and Tenth Circuits have held that Padilla was not retroactive. See Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011) and United States v. Chang Hong, __ F.3d ___, No. 10-6194, 2011 U.S. App. LEXIS 18034 (10th Cir. 2011).

[3] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only

U.S.C. § 2255, this Court is without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003). Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).[6]

## IV. Recommendation

For the forgoing reasons, the undersigned recommends that the Court enter an Order **DENYING with prejudice** petitioner's motion and dismissing the case from the docket.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by April 11, 2012**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also e submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert*

---

be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[6] Moreover, the undersigned notes that Vassell's claim of ineffective assistance regarding failure to advise about the deportation consequence of pleading guilty, even if it were not complete fiction, is based on an error that allegedly occurred before he was convicted. Assuming *arguendo* it had actually occurred, because Vassell would have had knowledge of the alleged error at the time he filed his direct appeal and his first §2255 motion, if he failed to raise it at then, he would have procedurally defaulted the claim.

*denied,* 467 U.S. 1208 (1984).  The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

    Dated: March 28, 2012.

                                          /s/ James E. Seibert
                                          JAMES M. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE